UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL DE JESUS SANCHEZ,

      Petitioner,

  v.

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

      Respondents.

Case No. 2:26-cv-642-JES-DNF

_____

**OPINION AND ORDER**

On March 6, 2026, Petitioner Emmanuel De Jesus Sanchez filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). De Jesus Sanchez sought immediate release from immigration custody or, alternatively, an 8 U.S.C § 1226 bond hearing. (Id. at 19-20). In its response, the Government notes that De Jesus Sanchez is no longer in immigration custody. (Doc. 5). Thus, the petition is dismissed as moot.

In his 28 U.S.C. § 2241 petition for writ of habeas corpus, De Jesus Sanchez, a native and citizen of Nicaragua, argued that he was being held under the wrong statutory authority. He stated that he "was apprehended in the interior of the United States after living in the country for nearly three years while complying with the immigration process. His detention therefor falls, at most, within the discretionary detention provisions of 8 U.S.C. § 1226(a)." (Doc. 1 at 2-3.) Consequently, De Jesus Sanchez claimed

entitlement to an individualized bond hearing. (Id.) He also argued that the stop and seizure that resulted in his arrest violated the Fourth Amendment. (Id. at 3).

In response, the government noted that De Jesus Sanchez requested a voluntary departure from the United States on February 21, 2026. (Doc. 5 at 1-2; Doc. 5-1). The government provided documentation showing that De Jesus Sanchez departed the United States to Nicaragua via an ICE Air flight on March 12, 2026. (Id.).

Federal courts have limited jurisdiction. Under Article III of the Constitution, our power extends only to actual "Cases" and "Controversies." Id. We do not issue advisory opinions or decide questions that have become academic. See, e.g., Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Here, De Jesus Sanchez asked this Court for a writ of habeas corpus to secure his release from detention. But the Government ended his custody by removing him from the United States. Thus, the condition he sought to escape no longer exists, and the habeas petition is moot. Djadju v. Vega, 32 F.4th 1102, 1107 (11th Cir. 2022); see also Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

No exception to the mootness doctrine applies to this petition. A case may survive if a petitioner suffers from

collateral consequences of the detention—some concrete injury that persists even after release.  But De Jesus Sanchez's habeas petition challenged only his detention, not the validity of his removal order or anything else.  He has not argued any continuing injury from his prior detention that this Court can now remedy.  See Djadju, 32 F.4th at 1107 ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review."  Al Najjar, 273 F.3d at 1339.  But this applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person.  Id.  That is not the case here.  The probability that De Jesus Sanchez will return to the United States and be re-detained is too remote to sustain federal jurisdiction.  See, e.g., Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir. 2020).  Moreover, De Jesus Sanchez can re-file a habeas petition should that occur.

De Jesus Sanchez is no longer in custody.  There is no live controversy left to adjudicate, and the Court is powerless to grant relief for a detention that has already ended.  See Zapeta v. Exec.

3

<u>Dir. of the Fla. Div. of Emergency Mgmt.</u>, No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025).

Accordingly, it is hereby **ORDERED**:

1.    De Jesus Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

3.    The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 30, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4